# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN MORDECAI *et al.* | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 19-4351 |
| PROGRESSIVE CASUALTY | : | |
| INSURANCE COMPANY *et al.* | : | |

## MEMORANDUM

**YOUNGE, J.**                                                                              **NOVEMBER  5 , 2019**

      This case arises out of Defendant Progressive Casualty Insurance Company's alleged failure to pay underinsured motorist ("UIM") benefits to Plaintiffs Stephen Mordecai and Tasia Mordecai. Presently before the Court are Defendant's Notice of Removal and its Motion to Dismiss Plaintiffs' statutory bad faith claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Not. of Removal, ECF No. 1; Def.'s Mot., ECF No. 4.) The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the following reasons, we conclude that this Court lacks subject matter jurisdiction over this action. Accordingly, Defendant's Motion will be dismissed as moot, and this matter will be remanded to the Court of Common Pleas of Montgomery County.

## I.     BACKGROUND

      On or about July 27, 2018, a vehicle driven by Defendant Munirah K. Abdullah struck the rear of another vehicle, which, in turn, struck the rear of the vehicle occupied by Stephen Mordecai and Tasia Mordecai. (Compl. ¶ 9, Not. of Removal Ex. A.) Both Plaintiffs allege that they suffered serious injuries in the collision, including neck and back injuries. (*Id.* ¶¶ 13-14.) At the time of the collision, the Abdullah vehicle "was not properly insured," (*id.* ¶ 12), and the Mordecai vehicle was insured by Defendant under a policy that included provision of UIM benefits. (*Id.* ¶ 8.) By letter dated February 19, 2019, Plaintiffs demanded UIM benefits under the

Progressive policy.[1]  (*Id.* ¶¶ 20, 22.)  Plaintiffs allege that despite their demand and full compliance "with all of the terms and conditions required by the policy," Defendant "has refused, without legal justification or cause, and continues to refuse, to pay to Plaintiff[s] monies owed" for UIM coverage under the policy.  (*Id.*)

On September 13, 2019, Plaintiffs filed suit against Defendant and Abdullah in the Montgomery County Court of Common Pleas.  (Not. of Removal ¶ 1.)  Plaintiffs' Complaint alleges that they are citizens of Pennsylvania, that Defendant Progressive is an Ohio corporation authorized to conduct business in Pennsylvania, and that Defendant Abdullah is a citizen of Pennsylvania.  (Compl. ¶¶ 1-4.)  Plaintiffs each assert claims against Defendant Progressive for breach of contract (Counts I, III) and bad faith pursuant to 42 Pa. Cons. Stat. § 8371 (Counts II, IV), and claims for negligence against Defendant Abdullah (Counts V, VI).  The *ad damnum* clauses of Plaintiffs' Complaint seek damages not in excess of $50,000.[2]  Specifically, the *ad damnum* clauses of the bad faith claims seek judgment in Plaintiffs' favor and an "award of compensatory and punitive damages in an amount *not in excess of* Fifty Thousand Dollars ($50,000)."  (Compl., *ad damnum* clauses, Counts, II, IV (emphasis added).)  In addition to the *ad damnum* clauses, the cover sheet to Plaintiffs' Complaint states that the amount in controversy is "$50,000 or less."  (Compl., Cover Sheet.)

On September 20, 2019, Defendant Progressive filed a Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq.*, invoking this Court's diversity jurisdiction.  Defendant's Notice of Removal

---

[1] Plaintiff's February 19, 2019 demand letter to Defendant is identified as Exhibit A to Plaintiffs' Complaint but is not attached thereto in Defendant's Notice of Removal.  (*See* Compl. ¶ 22.)

[2] An *ad damnum* clause is a prayer for relief stating the amount of damages claimed.  *See Black's Law Dictionary* (11th ed. 2019).

2

asserts that it and Plaintiffs are citizens of different states and that Defendant Abdullah had not been served at the time of removal.[3] (Not. of Removal ¶¶ 4, 7-9.) With regard to the amount in controversy, Defendant Progressive states: "Plaintiffs allege that they are each entitled to underinsured motorist benefits pursuant to an automobile insurance policy that provided a total of $15,000 per person, $30,000 per accident underinsured motorist benefits. . . ." (Not. of Removal ¶ 10.) Noting that Plaintiffs seek punitive damages on their bad faith claims, Defendant further asserts that punitive damages are properly considered in determining the amount in controversy, and that because Plaintiffs seek "$30,000 in [UIM] benefits, as well as punitive damages, interest, and attorneys' fees, the amount in controversy exceeds the jurisdictional requirement of $75,000." (*Id.* ¶¶ 12, 14.)

On September 27, 2019, this case was reassigned to this Court's docket. (ECF No. 3.) On October 1, 2019, Defendant filed its Motion to Dismiss Plaintiffs' bad faith claims, contending that the Complaint "fails to contain factual allegations sufficient to support a statutory bad faith claim above the speculative level." (Def.'s Mot. 1.) Plaintiffs filed their Response in opposition to Defendant's Motion on October 15, 2019. (ECF No. 7.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a). A district court may exercise subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). As the party asserting jurisdiction, Defendant Progressive

---

[3] The docket reflects that Abdullah was not served with the Complaint and Summons until October 9, 2019. (ECF No. 8.)

3

has "the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

"As courts of limited jurisdiction, federal courts have the duty to examine the propriety of jurisdiction even when the issue is not raised by the parties." *McDonough v. Crum & Forster Personal Ins.*, No. 92-385, 1992 WL 114951, at *1 (E.D. Pa. May 20, 1992) (citing *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). Thus, a district court has authority to remand a case *sua sponte* if it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("[T]he general rule that federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* applies equally in removal cases.") (citations omitted).

**III.     DISCUSSION**

    **A.     This Action Lacks Complete Diversity**

When an action has been removed based on diversity, "a proper exercise of federal jurisdiction requires . . . complete diversity between the parties, that is, every plaintiff must be of a diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006); *see also Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (noting that complete diversity requires that "no plaintiff can be a citizen of the same state as any of the defendants." (citation and internal quotation marks omitted)); *Janaski v. Dettore*, No. 15-572, 2015 WL 1573670, at *2 (E.D. Pa. Apr. 9, 2015) (same).

Here, federal jurisdiction does not exist because the face of Plaintiffs' Complaint reveals the absence of complete diversity. *See Janaski*, 2015 WL 1573670, at *2. As noted above, the Complaint alleges that both Plaintiffs and Defendant Abdullah are citizens of Pennsylvania. Contrary to Defendant Progressive's suggestion in its Notice of Removal, the lack of diversity is not overcome by the fact that Abdullah—the non-diverse defendant—had not been served at the time of removal. Defendant Progressive's contention appears to be derived from the "forum defendant rule," under which "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly *joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Defendant Progressive apparently is of the view that because Abdullah had not been *joined and served* at the time of removal, his non-diverse citizenship did not preclude removal.

Defendant Progressive misconstrues the forum defendant rule, which does not supplant the requirement of complete diversity as a prerequisite to federal jurisdiction. *See Pullman Co. v. Jenkins,* 305 U.S. 534, 541 (1939) ("[W]here a non-separable controversy involves a resident defendant[,] . . . the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant."). This is such a non-separable controversy in that Defendant Abdullah is a necessary party for Plaintiffs to maintain both the negligence and UIM actions. Contrary to Defendant Progressive's misconstruction, "[t]he forum defendant rule under § 1441(b)(2) was meant to limit federal diversity jurisdiction, not eliminate § 1332(a)'s fundamental requirement of complete diversity between the parties." *Janaski*, 2015 WL 1573670, at *2 (internal citation omitted) (collecting cases); *see also Smoyer v. Care One, LLC*, No. 16-1696, 2017 WL 575070, at *2 (W.D. Pa. Jan. 23, 2017) ("Whether or not [non-diverse defendant]

5

was properly joined and served prior to removal is simply irrelevant because complete diversity did not exist at the time of removal."), *report and recommendation adopted*, 2017 WL 573573 (W.D. Pa. Feb. 13, 2017); *Foisie v. Biss*, No. 19-14143, 2019 WL 5260252, at *3 (S.D. Fla. July 30, 2019) ("The law is clear that § 1441(b)(2) does not permit a non-resident defendant . . . to remove an action to federal court before the resident defendant . . . is served, if joinder of [the resident defendant] defeats diversity jurisdiction and is otherwise proper."), *report and recommendation adopted*, 2017 WL 573573 (W.D. Pa. Feb. 13, 2017); *CAV Farms, Inc. v. Nicholas*, No. 19-6088, 2019 WL 1438776, at *4 (W.D.N.Y. Apr. 1, 2019) ("R]egardless of the forum defendant rule, an action may not be removed on the basis of diversity jurisdiction if a non-diverse defendant is named in the complaint, even if that defendant has not yet been served.").

Because Plaintiffs and Defendants are not completely diverse, this Court does not have subject matter jurisdiction to adjudicate this action.

### B. Defendant Also Fails to Establish the Requisite Amount in Controversy

Defendant's removal is also jurisdictionally deficient with respect to the amount in controversy. Federal diversity jurisdiction exists only if the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The Third Circuit recognizes that Plaintiffs are the "master[s] of [their] own claim[s]" and may limit them to below the federal jurisdictional threshold. *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006) (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)). Where, as in this case, Plaintiffs have specifically limited their claims to below the jurisdictional minimum, "a defendant seeking removal must prove *to a legal certainty* that plaintiff[s] can recover the jurisdictional amount." *Frederico*, 507 F.3d at 196-97 (emphasis added); *see also Martino v. Hartford Ins. Co. of Ill.*, No. 14-1953, 2014 WL 1652224, at *1 (E.D. Pa. Apr. 2014) (same). In addition, "[i]t is well-established that the separate and distinct claims of several plaintiffs cannot be aggregated to

determine the amount in controversy." *Augustine v. Chubb Grp. of Ins. Companies*, No. 05-2073, 2005 WL 1869186, at *3 (E.D. Pa. July 27, 2005) (citing *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 218 (3d Cir. 1999)); *see also Cruz v. State Farm Ins. Co.*, No. 12-1629, 2012 WL 1361652, at *1 (E.D. Pa. Apr. 19, 2012) (noting in UIM case that claims may not be aggregated to reach the required amount in controversy).

In *Morgan*, the Third Circuit provided the following principles for assessing the amount in controversy when plaintiffs have limited their damages to an amount below the threshold for federal jurisdiction.

> (1) The party wishing to establish subject matter jurisdiction has the burden to prove to a legal certainty that the amount in controversy exceeds the statutory threshold;
>
> (2) A plaintiff, if permitted by state laws, may limit her monetary claims to avoid the amount in controversy threshold; and
>
> (3) Even if a plaintiff states that her claims fall below the threshold, this Court must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not.

*Morgan*, 471 F.3d at 474–75. Applying these rules to this case, we find that Defendant has failed to meet its burden of establishing, to a legal certainty, that either Plaintiff can recover more than $75,000. *See Plunkett v. Nationwide Mut. Ins. Co.*, No. 14-6545, 2014 WL 7271380, at *3 (E.D. Pa. Dec. 22, 2014) (noting that where "plaintiffs' claims may not be aggregated, defendant must show to a legal certainty that the claim of at least one plaintiff exceeds the amount in controversy requirement" (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005))).

As noted above, Plaintiffs' Complaint expressly limits the damages sought, including punitive damages, to an amount not in excess of the state court compulsory arbitration threshold of $50,000. *See* 42 Pa. Stat. and Cons. Stat. Ann. § 7361 (providing for compulsory arbitration of civil matters where the amount in controversy, exclusive of interest and costs, does not exceed $50,000); Montgomery Cty. Ct. R. Civ. P. 1301 (requiring arbitration of civil actions "where the

7

amount in controversy, exclusive of interest and costs, is fifty thousand dollars . . . or less per plaintiff"). "Courts in this district have found that 'where the complaint expressly limited damages to $50,000 for purposes of arbitration' pursuant to Pennsylvania's compulsory arbitration provision, 'the amount in controversy does not meet the $75,000 jurisdictional minimum.'" *Plunkett*, 2014 WL 7271380, at *3 (*quoting Dunfee v. Allstate Ins. Co.*, No. 08–1425, 2008 WL 2579799, at *5 (E.D. Pa. June 26, 2008)).

We recognize that under *Morgan*, Plaintiffs' *ad damnun* clauses are not dispositive of the amount in controversy, and we must consider whether Defendant has shown to a legal certainty that either Plaintiff's actual monetary demands exceed the jurisdictional threshold. *Morgan*, 471 F.3d at 474-75. Defendant has failed to do so. In fact, Defendant acknowledged in its Notice of Removal that the insurance policy at issue provides UIM limits of $15,000 per person and $30,000 per accident. Nonetheless, Defendant contends that the amount in controversy is satisfied because Plaintiffs seek punitive damages. According to Defendant, "removal is proper where punitive damages based on a multiplier of up to four times the alleged compensatory damages are sufficient to meet the amount in controversy." (Not. of Removal ¶ 13.)

Although Defendant is correct that punitive damages are properly considered in determining the amount in controversy, *see Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993), it has not shown how such damages could, much less would, result in a total award to either Plaintiff of more than $75,000. Based on the limits of Defendant's policy, each Plaintiff can recover only $15,000 in UIM benefits. Thus, in order to reach the requisite amount in controversy, at least one of the Plaintiffs would have to receive a punitive damages award of *more than* $60,000. Defendant has provided no basis for the Court to find that either Plaintiff will receive such an award. *See, e.g.*, *Mazza v. Peerless Indem. Ins. Co.*, No. 13-3225, 2013 WL

4014569, at *3 (E.D. Pa. Aug. 7, 2013 (finding that defendant failed to prove that more than $63,000 in punitive damages were recoverable).

Moreover, even if we were to accept Defendant's suggestion that punitive damages could be based on a multiplier of four, the total resulting award would equal *but would not exceed* $75,000, as required for federal diversity jurisdiction. *Plunkett*, 2014 WL 7271380, at *4 (noting that even under defendant's estimate of punitive damages, plaintiff's claim was unlikely to exceed the amount in controversy threshold); *Cruz*, 2012 WL 13661652, at *2 (noting that insurer's 12(b)(6) motion to dismiss bad faith claims undercut its argument that potential punitive damages satisfied amount in controversy); *Bowman v Liberty Mut. Fire Ins. Co.*, No. 08-5428, 2008 WL 5378272, at *2 (E.D. Pa. Dec. 19, 2008) (rejecting defendant's conjecture that possible punitive damages award would satisfy amount in controversy); *Dunfee*, 2008 WL 2579799, at *7 ("Defendant's argument that damages 'could' exceed $75,000 . . . does not prove it is legally certain the amount in controversy exceeds $75,000.").

## IV.    CONCLUSION

Based on the foregoing analysis, the Court finds that it lacks subject matter jurisdiction to adjudicate this action. Accordingly, Defendant Progressive's Motion to Dismiss will be dismissed as moot, and this matter will be remanded to the Court of Common Pleas of Montgomery County. An appropriate Order follows.

**BY THE COURT:**

**/s/ Judge John Milton Younge**
**Judge John Milton Younge**